[Sac. No. 874. In Bank.—December 21, 1903.]

## COUNTY OF YUBA, Respondent, v. KATE HAYES MINING COMPANY et al., Appellants.

INJUNCTION — MINING DÉBRIS—NUISANCE — ACTION BY COUNTY.— A county, as the owner of property injured by the deposit of mining débris in a tributary of the Yuba River, may maintain an action to enjoin the deposit therein of such débris by a mining company engaged in sluice-mining upon such tributary. The public nuisance in such case is also a private nuisance to the county, which it may enjoin.

ID.—SITUATION OF COUNTY PROPERTY "ADJACENT" TO RIVER—PLEADING—FINDING—SUFFICIENCY OF EVIDENCE.—Where the complaint alleged and the court found that the county property was "adjacent" to the Yuba River, the finding is not against the evidence, where the evidence shows that the property, though not in contact with the river, was sufficiently near thereto to be injured by the deposit of débris thereon by the river in time of high water. The property is "adjacent" to the river when situated near or close to it.

ID.—RELIEF BEYOND ISSUES—INVASION OF PROPERTY RIGHTS.—Where the issues tried and determined related solely to the working of defendant's mine by the hydraulic or sluicing process, so as to deposit débris in a tributary of the river, relief granted beyond the issues, to restrict the use of the water of the defendants on any other ground or mine, or forbidding a *bona fide* sale or transfer of the water supply or of the mining property of the defendants, which may be used for any lawful purpose, even though defendants may know that the purchaser will not, in working the same, respect the rights of others, if the sale is not made for that express purpose, is an unwarranted invasion of the rights of property of the defendants.

APPEAL from a judgment of the Superior Court of Yuba County and from an order denying a new trial. E. A. Davis, Judge.

The facts are stated in the opinion of the court.

C. W. Cross, for Appellants.

The judgment grants relief not authorized by the pleading, and not embraced within the issues, and is erroneous. (Code Civ. Proc., sec. 580; *Sterling* v. *Hanson,* 1 Cal. 478; *Sigourney* v. *Zellerbach,* 55 Cal. 431; *Northern Railway Co.* v. *Jordan,* 87 Cal. 23; *Mondran* v. *Goux,* 51 Cal. 151; *Bachman* v.

*Sepulveda,* 39 Cal. 688; *Hicks* v. *Murray,* 43 Cal. 515; *Reed* v. *Norton,* 99 Cal. 617; *Cummings* v. *Cummings,* 75 Cal. 434.) The remedy on a judgment broader than the facts alleged and found is by an appeal from the judgment on the judgment-roll. (*Shepard* v. *McNeil,* 38 Cal. 72; *Heinlen* v. *Heilbron,* 71 Cal. 557; *Roberts* v. *Eldred,* 73 Cal. 394.)

E. P. McDaniel, and Robert T. Devlin, for Respondent.

The only limitation on the power of a court of equity to grant relief under the general prayer for relief is, that it must be agreeable to the case made by the bill, and not different from or inconsistent with it. (*Cram* v. *Barnes,* 1 Md. Ch. 151.) Any appropriate relief may be granted under a general prayer. (*Repplier* v. *Buck,* 44 Ky. (5 B. Mon.) 96.) The relief granted is appropriate under the general prayer for relief, and is not inconsistent with the complaint.

ANGELLOTTI, J.—This action was brought by the plaintiff, the owner of certain lots of land in the city of Marysville, county of Yuba, in which are situated the county courthouse, county jail, hall of records, and county hospital, and also the owner of the wagon-bridge crossing the Yuba River from the foot of D Street in said city, to obtain a decree enjoining defendants from discharging débris from their mineral lands into Sweetland Creek and the Yuba River, or any branch thereof, to the injury of plaintiff's said property. On the trial, the action was dismissed as to all of the defendants except the above-named mining company and Charles N. Miller, its superintendent, and judgment went for plaintiff. From the judgment and order denying their motion for a new trial said defendants appeal.

The complaint alleged that the property of plaintiff is adjacent to the Yuba River, which empties into the Feather River at or near the city of Marysville, and that the defendants are in possession of, working and operating by the hydraulic process and the ground-sluice process, certain mines and mining claims in Nevada County, and discharging the débris therefrom into Sweetland Creek, a tributary of Yuba River, about three miles in length, whence said débris is carried down the Yuba River, and is deposited and lodged in the beds

and channels of the river and upon plaintiff's property, and will continue to do so, unless restrained. The complaint alleged the general effect of such mining operations of defendants upon the Yuba River, which is by the deposit of débris therein, to raise the bed and channel of the river, and cause the lands on each side thereof, in times of flood, in the absence of high and secure levees, to be covered with water and débris, to the great damage of said lands. (As to the general effects of such mining operations, see *Mining Débris case,* 9 Saw. 441; 18 Fed. 753, relating to the same locality.)

It was further alleged that it will require many years to exhaust the mines of defendants, that the property of plaintiff is, by reason of said mining operations of defendants, each year becoming more seriously threatened with destruction from the waters of the river, that its value has already been greatly depreciated thereby, and that if said defendants and others who are engaged in said operations are permitted to continue to engage therein, the said property will be utterly destroyed and rendered absolutely valueless for any purpose whatever. It was further alleged that plaintiff's lands have been flooded, but there was no evidence to sustain this allegation, the testimony in this regard being simply that but for the levees it would have been ruined. In all other respects, the material allegations of the complaint must be held to be sustained by the testimony. It is true that the evidence failed to show that defendants were mining by the "hydraulic process," but, admittedly, they were mining by the "ground-sluice process," which, according to the evidence, produced the same effect in kind as the hydraulic process, only to a less degree. It is urged that the property of plaintiff, other than the bridge, was not "adjacent to" the Yuba River, and that the finding of the court in that regard is not sustained by the evidence. The property is all near the river, but none of it borders thereon. To be "adjacent" to the river, it is not essential that the property should be in actual contact therewith. A thing is adjacent to another when it lies near or close to it, although it is not in actual contact therewith.

The material question here was whether it was near enough to the river to be damaged by such overflow thereof as might be caused by the acts complained of.

The court was justified in concluding that the operations of defendants constituted a public nuisance, specially injurious to plaintiff as a property-owner, and, therefore, one to enjoin which plaintiff could maintain an action. (Code Civ. Proc., sec. 731; Civ. Code, sec. 3493; *Mining Débris case*, 9 Saw. 441; 18 Fed. 753.) As to the county, as a property-owner, the nuisance is also a private nuisance. (*Fisher* v. *Zumwalt*, 128 Cal. 493.) The county is not suing to protect the rights of others, but purely in its proprietary capacity, as the owner of certain real property.

The decree enjoining defendants, their officers, agents, etc., from discharging the débris into Sweetland Creek or Yuba River, or any of their tributaries; and from dumping or placing the same in such places that it would be liable to be washed or removed thereto, and from suffering or allowing its or their claims to be worked or operated by the hydraulic process or ground-sluice process, and the débris therefrom discharged into said river, creek, or tributaries thereof, was warranted by the pleadings, evidence, and findings. The decree further restrains defendants "from suffering others to use his or its water supply, or any part thereof, for the purpose of washing into such streams or gulches any earth, rocks, bowlders, clay, sand, or other solid material contained *in any other ground or mine*, with knowledge on the part of said defendants that the same is to be used in such a manner as to work injury to the property of the plaintiff described in the complaint, . . . and also from selling, leasing, or in any manner conveying, transferring, or disposing of said mine and mining ground, or any part thereof, or the water supply of the said defendants, or either of them, to any person whatever for the purpose of being worked or used by the hydraulic process or the ground-sluice process, and the mining débris discharged therefrom into said creek or river, or any of their or its tributaries, with knowledge of said purposes on the part of said defendants."

It is specially urged by appellants that the judgment should be modified by striking therefrom these portions thereof, it being claimed that neither the allegations of the complaint nor the evidence justified the insertion thereof in the decree. While the prayer of the complaint asked for this relief, there

was no allegation of the complaint warranting the provision as to the use of defendants' water *"in any other ground or mine."* The object of the action was to restrain the defendants from working *their own mining property* in a certain way; the allegations of the complaint are clearly confined thereto, and so far as the complaint is concerned the water is referred to merely as an instrumentality in working said property. There is no allegation that they ever suffered or threatened to suffer any one else to use their water for mining operations. On the contrary, the allegation as to the water is, that the defendant mining company "is now using and will continue to use" the same "to mine *its* said tracts of land," and the only evidence in the record is that furnished by the stipulation "that the company defendant owns and controls a water supply of 2,500 inches and ditches to convey the same to the mine and to such customers as may purchase water when it has no use for it." There was no issue as to any of these matters and no finding of the court. While the court was authorized to fully protect plaintiff against any threatened acts and injuries *complained of,* it could not grant any relief except such as was "consistent with the case *made by the complaint and embraced within the issue."* (Code Civ. Proc., sec. 580.) The case made by the complaint in this proceeding related solely to the mining operations of defendants on their own lands. Other portions of the decree will restrain defendants from allowing or suffering others to use the water to plaintiff's injury in maintaining operations *on said land,* and beyond this the court was not authorized by the pleadings to go, for the matter was not embraced within the issues. The object of that portion of the decree prohibiting the selling, leasing, conveying, transferring, or disposing of the mine, mining ground, and water supply of defendants, so far as justified by the pleadings and the law, is fully attained by other portions thereof. What plaintiff seeks to prevent by this is the discharge of mining débris from defendants' lands into the creek and river, and their tributaries, by persons to whom the property may be transferred by the defendants. By another provision of the decree, as already shown, defendants are prohibited from suffering or allowing their claim to be worked or operated by the hydraulic process or ground-sluice process,

and the débris therefrom discharged into said river, creek, or tributaries thereof, and there can be no doubt that defendants would be liable thereunder for the doing of the prohibited acts by those to whom the property is leased by defendants for the purpose of being so worked and operated. It may also be that any disposition by the defendants of the property to another, by deed or otherwise, *for the express purpose of being so worked or used,* would, if such prohibited acts were done by the person to whom the transfer was made, be a violation of that portion of the decree which prohibits the defendants from doing the acts productive of injury, or from aiding others in the commission thereof. But this portion of the decree is open to the construction of forbidding an absolute *bona fide* sale or transfer by defendants of their mining property, which may be put to a lawful and proper use, to any person who may have the intention to work or use the same by the hydraulic process or ground-sluice process and discharge the débris therefrom into the river, creek, or tributaries thereof, if defendants have knowledge of such intention on the part of the purchaser. We have not been cited to any authority warranting such an interference with the rights of property, and know of no principle upon which it can be held that a man may not sell his mine simply because he may know that the purchaser will not, in working the same, respect the rights of others.

The order denying defendants' motion for a new trial is affirmed, and the cause is remanded to the lower court, with directions to modify the judgment by striking out the parts thereof quoted in this opinion,—viz., the part relating to the use of defendants' water supply on other lands than those of defendants, and the part relating to the selling, etc., of defendants' mine, etc.,—and as so modified said judgment will stand affirmed.

Van Dyke, J., McFarland, J., Lorigan, J., Shaw, J., and Henshaw, J., concurred.