**RED STAR YEAST & PRODUCTS CO v ENGEL**

Ohio Appeals, 7th Dist, Mahoning Co

No 2249.  Decided Dec 31, 1935

Manchester, Ford, Bennett & Powers, Youngstown, for plaintiff in error.

Sidney Rigelhaupt, Youngstown, for defendant in error.

## OPINION

By ROBERTS, J.

It thus becomes apparent that the only real issue so far as the evidence is concerned, is upon this disputed proposition of Seliga's knowledge of the use the boys were making of the drum. If the testimony of the boys be true, and the jury so decided, a cause of action for the plaintiff would have been established. Excluding for pres-

ent consideration the claim of contributory negligence and herein is the issue as to the evidence.

It is the contention of counsel for the defendant that this, if true, does not constitute a cause of action and many authorities are cited in attempted support of this claim. It would be a long and fruitless task to herein consider all of these cases. It is sufficient to say that they have been examined and found not to be controlling authorities, by reason of substantial differences of facts involved. It is the contention of counsel for the defendant that the facts in this case, and applied thereto the law, as decided in **Hannan, Admr. v Ehrlich, 102 Oh St, page 176,** established the proposition that the decedent was a licensee and only entitled to the care owed to a licensee. Counsel for the plaintiff seemed to acquiesce in this claim and so consider the issue. Therefore, for the purpose of this issue, the rights of the plaintiff will be so considered, although the admitted facts in this case regarding the conduct of Seliga, in furnishing a tent for the boys, later the material for the new hut, to be built on the other side of the garage at his suggestion, tends to indicate an invitation to the boys to so conduct themselves on the defendant's premises.

It is the opinion of this court that the case of **Harriman v Railroad Co., 45 Oh St 11,** which does not seem to be disturbed by subsequent decision, is a close precedent for the instant case as to the rights of the plaintiff and duties of defendant.

Counsel for defendant attempts to summarily dispose of all of the testimony of the boys as to the knowledge of Seliga as to what the boys were doing in regard to lighting the gas previous to the explosion, by claim that all this testimony is unworthy of belief and should be disregarded. On page 16 of defendant's brief, it is said:

"V. Testimony offered by plaintiff as to defendant's knowledge of decedent's peril is unworthy of belief and should be disregarded."

This assertion is otherwise made several times. This strange appeal is made to the court to disregard the evidence relating to the essential proposition in the case. It is not and could not be claimed that this testimony was not competent in evidence. Several pages in defendant's brief are devoted to this contention.

It is elemental that the facts submitted and the truth thereof are to be decided by the jury. A reviewing court can only determine in proper case the manifest weight of the evidence, but by strong-arm methods it is claimed this court should disregard competent and essential proof.

Counsel for defendant argues against the testimony of these boys, because he says their depositions were taken which were contradictory to their testimony to a considerable extent. Aside from admitted mistakes, this court has no means of knowing, because the defendant, who took the depositions, did not put them in the record. Considerable is said in the way of criticism of plaintiff's attorneys calling these boys into their office and inquiring as to what they would testify. It is ordinarily commendable for an attorney in the preparation of his case to learn what may be expected from prospective witnesses. If comparisons may be indulged in, it was not less objectionable for counsel for defendant to cause the depositions of these boys to be taken in the office of one of counsel, thus securing some testimony without regard to its competency.

Two boys testified to the conduct and knowledge of Seliga of the use being made by them of the tank. Seliga and his son deny this. Two witnesses against two. Whether the boys have any interest in their testimony is not indicated. Certainly Seliga has much at stake in his testimony and it is not strange that his son should testify the same as the father. The testimony of the boys does not appear to be unreasonable. We have no fault to find with the jury in believing them, as it evidently did. The demand of counsel that we throw out of consideration the boys' testimony, we have no right or inclination to do.

We proceed now to other matters involved in the case. The plaintiff alleged in his petition, "Plaintiff says that in the course of the operation of said business, as aforesaid, said defendant carelessly and negligently deposited one of said drums, containing the highly inflammable, volatile, gaseous and explosive substance." On January 7, 1935, two days before the case came on for trial in the Common Pleas Court, the plaintiff secured leave to and did amend his petition by interlineation, by inserting "wilfully and wantonly." Thereafter the allegation read, "said defendant wilfully, wantonly, carelessly and negligently deposited one of said drums, etc."

It may now be said that this court is of the opinion that there is no evidence in this case to the effect that the conduct of the defendant was "wilful," and the jury should not have been given in charge any

right to determine whether or not the defendant acted wilfully.

The term "wilful" tort implies intent or purpose to injure. First paragraph of syllabus in **Western Reserve Trucking Company v Fairchild, 128 Oh St, 519:**

"1. The term 'wilful tort' implies intent or purpose to injure."

Second paragraph of the syllabus, **Denzer v Terpstera, 129 Oh St, 1:**
"2. The term 'wilful tort' involves an intent, purpose or design to injure."

In the opinion of this court the conduct of Seliga cannot be construed as wilful under the two authorities just cited.

Complaint is made by defendant of the giving by the court of plaintiff's request No. 7 before argument. See R. 276:

"The plaintiff avers in this petition and in relation to the negligence with which he charges the defendant, that the defendant was wilfully and wantonly careless in placing a drum containing a volatile and explosive substance upon its premises outside of its building, upon which premises it knew that the children of the neighborhood had been in the habit of coming to play and where it should reasonably have anticipated they would continue to come to play unless they were warned away by the defendant, which warning plaintiff avers was not given by defendant to the children.

Should it be your finding, from a preponderance of the evidence that the defendant was guilty of negligence, in one of the ways charged by the plaintiff in his petition, and that such negligence was wilful and wanton, then, even though you may find that the plaintiff's decedent was guilty of some negligence, such would not be a defense barring the plaintiff from a right to recovery herein."

The defendant also complains of the general charge of the court, (R. 312) as being reversibly prejudicial and this may be found as the third and last paragraph on page 50 of the plaintiff in error's brief and continuing two paragraphs on page 51:

"Now, it is the claim of the plaintiff first, that the defendant was wantonly and wilfully negligent as respects the maintenance of the drum under all the circumstances surrounding the same, so that I wish to define to you what is meant by wanton and wilful negligence. Negligence which is called wanton or wilful is where the person causing the injury at the time sees and knows that the person injured is in a position of peril and notwithstanding such knowledge does the act causing the injury though it was within his power to refrain from doing such act. Wanton and wilful negligence is to be distinguished from what is known as ordinary negligence. Ordinary negligence or just plain negligence is the failure to use ordinary care. Ordinary care is that kind and degree of care that an ordinarily prudent and careful person ordinarily and customarily uses under the same or similar circumstances. Now, the first set of issues which I have mentioned generally and which I told you earlier would be referred to specifically later, the first of which I direct your attention to is the set of claims whereby the plaintiff claims that defendant was wantonly negligent directly and proximately causing the death of the deceased.

Now, if you find by the greater weight of the evidence that the defendant was wantonly negligent and that that negligence was a direct and proximate cause of the deceased's death, then your verdict will be for the plaintiff against the defendant. If upon the other hand, you fail to find by the greater weight of the evidence that the defendant was wantonly negligent, or if you find it to have been so but you fail to find that that negligence was a direct and proximate cause of the decedent's death, then your finding as to that set of issues is for the defendant, and you pass to the next set of issues, which I will now take up with you."

It will be observed in request number seven that the court says to the jury that the defendant was wilfully and wantonly careless in placing the drum, etc. Later in the instructions the court again uses the term wilful and wanton. These terms could only refer to one act of alleged negligence. Referring again to the case of **Reserve Trucking Company v Fairchild, 128 Oh St, 519,** the first paragraph of the syllabus reads:

"1. The term wilful tort implies intent or purpose to injure."

Second paragraph:
"The term 'wanton negligence' implies the failure to exercise any care for the safety of those to whom a duty of care is owing when the wrongdoer has knowledge of the great probability of harm to such person which the exercise of care might avert and

exhibits a reckless disregard of consequences."

Paragraph 3:
"The terms 'wilful' and 'wanton' are not synonymous."

Paragraph 5:
"The phrase 'wilful and, or, wanton' negligence is confusing and misleading and when employed in a charge to the jury is error."

In Denzer v Terpstera, 129 Oh St, 1, it is said:
"1. The terms 'wilful tort' and 'wanton negligence' are not synonymous.
"2. The term 'wilful tort' involves an intent, purpose or design to injure.
"3. It is prejudicially erroneous for a trial court to charge a jury on the subject of 'wilful tort' when such charge is unsupported by evidence."

It thus appears from the latest decision of the Supreme Court that the terms "wilful tort" and "wanton negligence" are not synonymous, but that they are antagonistic in meaning, one implying a design or purpose and the other the absence of such design and the failure to exercise any care. In these two reports above cited it is also held that the phrase "wiful or wanton" is confusing, misleading and error, and that it is prejudicially erroneous for the trial court to charge the jury on the subject of wilful tort when such charge is unsupported by evidence. In the extract from the general charge hereinbefore quoted, the court repeatedly uses "wilful and wanton" in connection and interchangeably. It is evident that neither counsel in making the request number seven, nor the court in giving it, and in giving the general charge, recognized the difference between wilful and wanton as determined by the Supreme Court. The jury could not from the charges recognize the difference in these terms. It cannot be presumed otherwise than that their use as above stated was misleading to the jury and prejudicial error.

It is claimed by counsel for the plaintiff that the so-called "two issue rule" is available to the plaintiff; that the error heretofore mentioned does not apply to one of the issues and says in brief that the charges of negligence consist of two elements; one, the hidden danger and the failure to use ordinary care after discovering the peril of the children, and second, wilful conduct. A general verdict was returned for the plaintiff and was not tested by interrogatory. It is therefore claimed no error attached to the hidden danger issue and the plaintiff may still recover. This so-called issue would be subject to a defense of contributory negligence, but inasmuch as the verdict was for the plaintiff, it is evidently claimed that this defense was not recognized by the jury. But little is cited in briefs on the subject of hidden danger. Conditions amounting in effect, so far as the plaintiff is concerned, are recognized in Harriman v Railway Company, supra. In Railroad Co. v Harvey, 77 Oh St 235, the court, on pages 258 and 259 considers liability of owners of premises in connection with a trap or new danger. In any event, it is not thought that a so-called new danger or hidden danger, which while it may make the owner of premises liable, should be considered as a new different substantive cause of action. That it is a condition but is not a new or different cause and is only a part of an alleged cause based on actionable negligence.

The petition says the presence of the drum was a new and concealed danger. That is, the presence of the drum was a condition which made good and general allegation of negligence. It is therefore the opinion of this court that the alleged hidden danger was not an independent issue upon which the plaintiff could secure immunity from error under the "two issue rule." This rule has been frequently recognized where there are two issues as negligence and contributory negligence and there is a verdict for the defendant, and error exists in one of these issues, and the verdict has not been tested by interrogatories or otherwise, and the verdict as to upon which issue it is based, is undeterminable, it will not be held that the jury found upon the erroneous issue and prevent a recovery.

The frequent decisions of the Supreme Court have been where the verdict has been for the defendant and not where the verdict has been for the plaintiff as in the instant case. It is said in Swoboda v Brown, 129 Oh St, 512, on page 516, by the Supreme Court, speaking of the two issue rule, "we have no inclination to further extend its application," which would be the result if recognized in the instant case. The last cited case refused to apply the rule. The rule is not one of error, but of policy. Knisely v Community Traction Co., 125 Oh St, 133. In Scioto Valley Railway and Power Co. v Rutter, Admrx., 112 Oh St, 500, the Supreme Court refused to apply the rule where an instruction would mislead the jury.

For the reason that the error in the instructions to the jury regarding wilful tort and wanton negligence permeated the whole issue so it might not be determined with what result and because to recognize the rule in this case would be to pioneer and extend it beyond previous recognition, this court is further of the opinion that this rule should not be herein recognized.

It is pertinent to suggest that in the case of Charles A. Morrow v Jane Flora Hume, Admrx., decided by this court March, 1935, in Trumbull County, in opinion by Sherick, J., sitting by designation, practically the same issue as to wilful tort and wanton negligence was presented. The court held: "The term wilful and or wanton negligence is confusing and misleading, and where employed in a charge to the jury is error. A litigant has a right to have his cause submitted to a jury upon a charge which contains but the issues made and not encumbered by other issues, although pleaded but not supported by any proof.

The court in its general charge to the jury employed the terms wilful and wanton negligence a number of times and in this respect it is equally reprehensible. Judgment reversed."

It follows, for the reason herein given, the judgment in this case is reversed for prejudicial errors in the instructions by the court to the jury.

Judgment reversed. Cause remanded.

CARTER and NICHOLS, JJ, concur.