[Sac. No. 850.   Department Two.— November 27, 1901.]

THE GRIDLEY SCHOOL DISTRICT, etc., Appellant, v. GEORGE H. STOUT et al., Respondents.

SCHOOL DISTRICT — CREDIT OF MONEY IN TREASURY — TRANSFER BY SUPERINTENDENT OF SCHOOLS — ACTION UPON OFFICIAL BOND. — A school district has no proprietary right to the money standing to its credit in the county treasury, and has no right to recover it, and cannot maintain an action against the county superintendent of schools, and his sureties upon his official bond, to recover money to its credit which the superintendent is alleged to have transferred wrongfully to the unappropriated school funds of the county, without authority of law to reapportion the same.

ID. — MISTAKEN PERFORMANCE OF DUTY — DISCRETION — SUPERINTENDENT OF SCHOOLS NOT LIABLE IN TORT — CORRECTNESS OF JUDGMENT NOT DETERMINED. — The superintendent of schools cannot be sued personally, in tort, for a mistaken performance of an official duty, involving the exercise of judgment and discretion. The question whether his judgment was rightly exercised will not be determined in an action upon his official bond, involving the transfer of school moneys.

APPEAL from a judgment of the Superior Court of Butte County and from an order denying a new trial. John C. Gray, Judge.

The facts are stated in the opinion.

Jo D. Sproul, and A. F. Jones, for Appellant.

John Gale, for Respondents.

SMITH, C.—Appeal from a judgment for the defendants, and from an order denying the plaintiff's motion for a new trial. The case, briefly stated, is as follows: The suit was brought against the defendant Stout, who had been superintendent of schools of Butte County, and his sureties, to recover the sum of $530, damages and costs. The cause of action alleged is, that the defendant Stout, as school superintendent, transferred to the unappropriated school funds of the county (it is alleged wrongfully) certain sums standing to the credit of the plaintiff in the county treasury,—to wit, May 11, 1898, $230; and July 26, 1898, $300.

The theory of the action is, that the plaintiff was entitled, under section 1621 of the Political Code, to use the unex-

pended balance remaining from the previous year for the payment of claims against the district, or for the year succeeding, and that the school superintendent had no authority to reapportion such moneys, except in the case provided in the section cited (which admittedly does not apply here), or in the case provided in subdivision 1 of section 1543 of the Political Code, which is: "Whenever an excess of money has accumulated to the credit of a school district by reason of a large census roll and a small attendance, beyond a reasonable amount necessary to maintain a school for eight months in such district for the year, the superintendent of schools shall place said excess of money to the credit of the unapportioned school funds of the county," etc.   The claim of the appellant is, that, under this provision, the superintendent had no authority to reapportion the money.

Whether this be the case or not, it is clear that the action cannot be maintained.   The plaintiff had no proprietary right to the money to its credit in the county treasury, and therefore no right to recover it.   (*Kennedy* v. *Miller*, 97 Cal. 435.) Nor could the defendant be sued personally, in tort, for a mistaken performance of an official duty involving the exercise of judgment and discretion.   (*Ballerino* v. *Mason*, 83 Cal. 449, 450, and authorities cited.)   It will therefore be unnecessary to consider the sufficiency of the evidence to sustain the finding of the court that the accumulated balance to the credit of the plaintiff "arose by reason of a large census and a small early attendance," or the power of the school superintendent to determine that question, or, under the law, to judge of the necessity or propriety of the reapportionment.

I advise that the judgment and order appealed from be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.