263 U.S. 361 (1923)
KING COUNTY, WASHINGTON,
v.
SEATTLE SCHOOL DISTRICT NO. 1.
No. 30.
Supreme Court of United States.
Argued April 13, 1923.
Decided December 3, 1923.
APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.
*362 Mr. Howard A. Hanson, with whom Mr. Malcolm Douglas was on the briefs, for appellant.
Mr. Henry W. Pennock, with whom Mr. Dallas V. Halverstadt was on the brief, for appellee.
MR. JUSTICE BUTLER delivered the opinion of the Court.
The Act of Congress of May 23, 1908, c. 192, 35 Stat. 260,[1] directs that twenty-five per cent. of all money received from each forest reserve during any fiscal year shall be paid at the end thereof by the Secretary of the Treasury to the State in which the reserve is situated "to be expended as the State . . . legislature may prescribe for the benefit of the public schools and public roads of the county or counties in which the forest reserve is situated;" and it is provided that when any forest reserve is in more than one State or Territory or county the distributive share to each from the proceeds of said reserve shall be proportional to its area therein. A statute of Washington (Laws of 1907, c. 185, p. 406) directs the state treasurer to turn over to the county treasurers the amounts of such money belonging to the respective counties; and provides that "county commissioners of the respective counties to which the money is distributed are hereby authorized and directed to expend said money for the benefit of the public schools and public roads thereof, and not otherwise."
The Secretary of the Treasury paid over to the State the proper amounts for the years from 1908 to 1918, inclusive. A part of the Snoqualmie Forest Reserve is in King County, and the proportionate amounts for these *363 years, aggregating $20,106.07, were turned over by the State to the county treasurer. For each of the years, 1908, 1916, 1917, and 1918, the county commissioners directed that one-half of the amount be apportioned to the county school fund and one-half to the road and bridge fund; and for each of the years from 1909 to 1915, inclusive, directed that all be assigned to the road and bridge fund. The county treasurer made the distributions as directed. Out of the total amount above mentioned, there was assigned $18,481.43 to the road and bridge fund and $1,624.64 to the county school fund. The latter is $8,428.40 less than one-half the total received by the county. The appellee is one of the school districts of the county and claims to be entitled to such proportion of one-half the amount received in each year by the county as the annual school attendance in the district bore to the total attendance in all the districts of the county. The amounts so claimed make a total of $6,789.22.
This suit was brought by the appellee, Seattle School District No. 1, to have King County and its treasurer declared to be trustees, to require them to account, and to recover the sum so claimed. The complaint set forth the facts substantially as above stated. The county moved to dismiss on the grounds that the court was without jurisdiction and that the complaint failed to state a cause of action. The motion was denied, and, the appellant declining to plead further, a decree was entered in favor of the appellee as prayed; this was affirmed by the Circuit Court of Appeals.
Section 24 of the Judicial Code provides that the district courts shall have original jurisdiction where the matter in controversy arises under the laws of the United States. In this case the right and title set up by the appellee depends upon the act of Congress. There is involved the question whether that act permits the money so received by the county to be expended by the county *364 commissioners as directed by state legislation, or requires an equal distribution annually for the benefit of public schools and public roads of the county. Appellee contended for the latter construction, and the courts below sustained its claim. If this is not a correct construction of the act appellee has no cause of action. See Northern Pacific Ry. Co. v. Soderberg, 188 U.S. 526, 528; Shulthis v. McDougal, 225 U.S. 561, 569. The District Court had jurisdiction.
When turned over to the State, the money belongs to it absolutely. There is no limitation upon the power of the legislature to prescribe how the expenditures shall be made for the purposes stated, though, by the act of Congress, "there is a sacred obligation imposed on its public faith." Cooper v. Roberts, 18 How. 173, 182; Alabama v. Schmidt, 232 U.S. 168, 173; Mills County v. Railroad Companies, 107 U.S. 557, 566; Hagar v. Reclamation District, 111 U.S. 701, 713. No trust for the benefit of appellee is created by the grant. But, assuming the moneys paid over to the State are charged with a trust that there shall be expended annually one-half for schools and one-half for roads, the appellee has no right to enforce the trust. Congress alone can inquire into the manner of its execution by the State. United States v. Louisiana, 127 U.S. 182, 185-192; Mills County v. Railroad Companies, supra; Emigrant Co. v. County of Adams, 100 U.S. 61, 69; Barrett v. Brooks, 21 Ia. 144, 148. See also Stearns v. Minnesota, 179 U.S. 223, 231. The act does not direct any division of the money between schools and roads. Its language above quoted indicates an intention on the part of Congress that the State in its discretion may prescribe by legislation how the money is to be expended. No distribution to the appellee or any other school district is required. The public schools and public roads are provided and maintained by the State or its subdivisions, and the moneys granted by *365 the United States are assets in the hands of the State to be used for the specified purposes as it deems best. See State v. Callvert, 34 Wash. 58, 61.
The rule that, where a grant to two or more persons does not state the interest of each, their estates are presumed to be equal,[2] does not apply. Under the act of Congress, it was competent for the legislature of Washington to authorize county commissioners to expend the money for public schools and public roads. Equal division annually between the two purposes is not required or contemplated by the act. The appellee has no standing to object to the distributions made by the county commissioners.
The decree appealed from is reversed.
NOTES
[1] See Act of March 4, 1907, c. 2907, 34 Stat. 1270.
[2] Loring v. Palmer, 118 U.S. 321, 341; Lee v. Wysong, 128 Fed. 833, 838; Keuper v. Mette, 239 Ill. 586, 592; Campau v. Campau, 44 Mich. 31, 34; Hill v. Reiner, 167 Mich. 400, 402.