[Civ. No. 533. Fifth Dist. Feb. 1, 1966.]

SONORA ELEMENTARY SCHOOL DISTRICT, Plaintiff and Respondent, v. TUOLUMNE COUNTY BOARD OF EDUCATION et al., Defendants and Appellants.

Scott K. Carter, District Attorney, for Defendants and Appellants.

Hardin & Gorgas and E. L. Gorgas for Plaintiff and Respondent.

Bradford, Cross, Dahl & Hefner and James M. Woodside as Amici Curiae on behalf of Plaintiff and Respondent.

CONLEY, P. J. — Sonora Elementary School District brought an action for declaratory relief requesting that the superior court find that the school district is "adjacent" to the United States Forest Reserve, known as Stanislaus National Forest, in Tuolumne County and order the Tuolumne County Board of Education to apportion part of the county's share of the forest reserve school funds to the district pursuant to the provisions of law of the United States and of the State of California.

The applicable federal code section (16 U.S.C.A. § 500) provides: "Twenty-five per centum of all moneys received during any fiscal year from each national forest shall be paid, at the end of such year, by the Secretary of the Treasury to the State in which such national forest is situated, to be expended as the State legislature may prescribe for the benefit of the public schools and public roads of the county or counties in which such national forest is situated: *Provided,* That when any national forest is in more than one State or county the distributive share to each from the proceeds of such forest shall be proportional to its area therein. In sales of logs, ties, poles, posts, cordwood, pulpwood, and other forest products the amounts made available for schools and roads by this section shall be based upon the stumpage value of the timber." And section 20251 of the Education Code of the State of California reads as follows: "§ 20251. The *county auditor* of any county, receiving money from the Government of the United States pursuant to any act of Congress providing for the distribution and payment to states and territories of a fixed and definite percentage of the money received by the Government of the United States from the forest reserves established therein, *shall apportion 50 percent of the money received to the credit of the forest reserve school fund of the county.*

"The money credited to the forest reserve school fund shall be apportioned *by the county superintendent of schools with approval of the county board of education to school districts of the county lying within or adjacent to the United*

*States forest reserve* and to county superintendents of schools of counties lying within or adjacent to such forest reserve.

"All of such money placed in the forest reserve school fund shall be apportioned in the manner prescribed prior to the thirtieth day of June of the fiscal year next following the fiscal year in which received.

"When a portion of the area of a county is subject to the jurisdiction of the county superintendent of schools of another county or counties and such portion lies in or adjacent to the United States forest reserve, no apportionment shall be made from the forest reserve school fund without the approval of the county boards of education of both or all counties. In the event that both or all county boards of education do not concur in the apportionments from the forest reserve school fund prior to the first day of April of any year the county superintendent of schools of both or all counties shall on that date notify the Superintendent of Public Instruction who shall, not later than 60 days following notification, make the apportionments. Apportionments made by the Superintendent of Public Instruction are final.

"Money apportioned to a school district pursuant to this section shall be deposited by the county auditor to the credit of the several funds of the district as directed by the county superintendent of schools with the approval of the county board of education. Money apportioned to a county superintendent of schools pursuant to this section may be deposited by the county auditor to the credit of the county school tuition fund of his county." (Italics added.)

 Sonora Elementary School District is not contiguous to Stanislaus National Forest in Tuolumne County; the nearest point of the school district is within one-half mile of the edge of the forest. The record shows that the office of the supervisor of Stanislaus National Forest, its shop, its warehouse and equipment yard, all of which directly service the forest reserve in Tuolumne County, are located in the plaintiff school district; that about 50 percent of the permanent personnel of the forest reserve are headquartered in the district; and also that the district in 1964 had 16 pupils whose parents either worked in the forest reserve or resided there. A frank review of the evidence leads to the conclusion that the school district is "adjacent" to the forest, as found by the trial court, unless one should conclusively adopt the occa-

sional inaccurate definition that adjacent means "contiguous," "adjoining," or "touching."

Appellants' first argument is that the words in section 20251 of the Education Code "within or adjacent to" show an intent by the Legislature to restrict the apportionment of county forest reserve school funds to school districts within the forest or whose boundaries are contiguous with the forest boundaries. Appellants discuss at length the meaning of the word "adjacent" and state that all authorities agree that the term is a flexible one, but contend that the *primary* meaning is one synonymous with the word "adjoining" or "contiguous." (*In re Sadler,* 142 Pa. St. 511 [21 A. 978, 979].) They cite Webster's New World Dictionary of the American Language, Encyclopedic Edition, defining "adjacent" as "to lie near, near or close, adjoining." Appellants urge that the construction of the word should be determined by the context in which it is used in the statute (*Weber* v. *County of Santa Barbara,* 15 Cal.2d 82, 86 [98 P.2d 492]), and contend that if the definition and application of the word projected by the trial court as applying to all school districts in a county is adopted, the words "within or adjacent to" the forest are meaningless and the phrase "all school districts of the county" is substituted by court fiat. Appellants also maintain that specific provisions control general ones, and that the words "within" and "in" should tend to narrow the general term "adjacent." (*People* v. *Moroney,* 24 Cal.2d 638, 643-644 [150 P.2d 888]; *Neuwald* v. *Brock,* 12 Cal.2d 662, 669 [86 P.2d 1047].)

Appellants also object to the evidence which was introduced concerning the location of the administrative office and the warehouse and shop bases of the United States Forest Service, and the fact that numerous employees of the service reside within the Sonora Elementary School District, arguing that these facts shed no light on the meaning of the word in question; they also argue that the statute is clear and that, consequently, the courts are bound; and point out that if a restrictive interpretation of the word "adjacent" is unfair, the Legislature is fully capable of remedying the problem.

Let us examine the other side of the coin. The American College Dictionary defines adjacent as "lying near, close, or contiguous; adjoining; neighboring; *a field adjacent to the*

*highway*." Webster's Third International Dictionary, Unabridged, defines adjacent as "not distant or far off," "nearby but not touching," "relatively near and having nothing of the same kind intervening." "Adjacent is sometimes merely a synonym for *near* or *close to*."

Respondent argues that "adjacent" has a broader meaning than contiguous, and cites *County of Yuba* v. *Kate Hayes Mining Co.*, 141 Cal. 360, 362 [74 P. 1049], in which it was said that to be "adjacent" to a river, it is not essential that the property should be in actual contact with the stream. A thing is adjacent to something else when it lies near or close to it, although it is not in actual contact. Concerning the river, the material question was whether the property was near enough to the stream to be damaged by overflow. Adopting that type of reasoning, the respondent contends that the question here is whether the plaintiff school district is near enough to the forest reserve to be affected by it, and to be considered one of the districts contemplated by the statutory definition. Respondent urges that had the Legislature intended to require a school district to be contiguous it would have used that word, and suggests that the Legislature may well have used the word "adjacent" to allow flexibility.

We feel convinced that the word "adjacent" has a different and considerably broader meaning than the word "contiguous." (See *Hewey* v. *Cudahy Packing Co.*, 269 F. 21, 23; *Wolfe* v. *Hurley*, 46 F.2d 515, 521; *Pippinger* v. *State*, 12 Ohio Ops. 385, 21 Ohio L.Abs. 540 [34 N.E.2d 63, 65]). Whether a given school district is "adjacent" to a national forest within the meaning of the code section is to be determined as a fact by the courts, or, in the absence of litigation, by the officials of the county having charge of the funds.

Some aid is afforded by New York cases. In *Application of Board of Education of Union Free School District No. 18*, 10 App.Div.2d 761 [198 N.Y. Supp.2d 151], in an action dealing with the state education law authorizing conveyance of pupils of a school district to elementary or high schools, or both, other than public schools situated in the same district, "or an adjacent district or city," the court observed that there are conflicting dictionary definitions of the word "adjacent," but that the sum total of the connotations of the word is "nearness," "neighboring," or "close by"; the court held that a distance of eight miles was within the

definition of "adjacent" as used in that statute. Again, in *Application of Silver*, 205 N.Y. Supp.2d 650, 652, the court interpreted the term "adjacent" as not requiring contiguity. Specifically, the court stated: "Hempstead District No. 3 is a Long Island District having close and intimate contacts with the City of New York. The record herein shows that a great many of the residents commute daily to New York City as indeed do many young people attending schools. The average travel time is approximately one hour. Proof of the nexus between the school district and New York City, to which pupils receive transportation under the thirty-five mile limitation to Catholic, Hebrew, Seventh Day Adventist and certain private schools, is sufficiently strong to militate against a holding here that the determination of the Commissioner is arbitrary and capricious. This court does not put its stamp of approval on the broad language of the decision of the Commissioner that voters may authorize transportation to schools legally attended 'irrespective of the distance involved', but bases its determination on the fact that adjacency is here shown."

It is our considered opinion that the word "adjacent" as used in section 20251 of the Education Code does not mean "contiguous" or "touching" or "adjoining" but rather "neighboring" or "near to" or "close by" and it seems to us from the human standpoint that the facts adduced in evidence by the plaintiff to show the use of the school district by the families of employees of the forest service, and the location of the shops and headquarters of the service in the school district, are factors which can legitimately aid a court in determining that this school district is "adjacent" to the forest reserve for the purpose of sharing in the moneys derived from it. We find, therefore, that on the facts developed by the record and the findings of the court (which by stipulation consist of the court's memorandum opinion), the plaintiff school district is adjacent to the Stanislaus National Forest within the meaning of the code section and that the judgment consequently must be affirmed.

This is true notwithstanding the opinions of former Attorneys General that the meaning of the provision of law in question is that in order to benefit from the code section, a school district cannot be separated from the forest by another school district. This requirement was also approved in a recent opinion of the District Attorney of Tuolumne County

and is currently held to be controlling by the other county officials involved. On the other hand, there was, in some former years, a division of the applicable forest funds among all of the school districts of Tuolumne County, and in the instant case this viewpoint is supported in a well-considered memorandum of opinion filed by the learned trial judge. The trial judge's opinion contains dictum, however, which is unnecessary to the decision and which is not approved by this court; the trial court found that every school district in a *county* which itself is "adjacent" to the national forest is *ipso facto* entitled to a share of the money. It is impossible for us to share this viewpoint which, incidentally, does not reflect any pleading of any of the parties and which is unnecessary to a determination of whether the plaintiff Sonora Elementary School District is "adjacent" to the forest reserve within the meaning of the applicable code section.

The trial court is directed to amend the findings and the judgment by eliminating therefrom its conclusion that all school districts in a county containing a national forest reserve are *ipso facto* "adjacent" to the forest reserve and, therefore, entitled to share in the forest reserve money; the following amendments of the judgment are included in the foregoing direction:

1) Eliminate lines 8, 9, and 10 of paragraph 2 on pages 27-28 of the clerk's transcript:

". . . are to be distributed to all of the school districts of a county and not to any particular class or group of school districts therein."

and substitute the following:

". . . are to be distributed to all of the school districts of a county which are adjacent to the national forest located within said county."

2) Eliminate the following portion of paragraph 3, beginning with line 7 thereof, on page 28 of the clerk's transcript:

". . . and is of sufficient flexibility to apply to all of the school districts of a county which are in a relative sense 'near' to the boundaries of a national forest reserve therein;"

and substitute therefor:

". . . and is of sufficient flexibility to apply to the plaintiff herein;"

As so amended, the judgment in favor of the respondent, Sonora Elementary School District, is affirmed. Respondent is to recover costs on appeal.

Brown (R.M.), J., and Stone, J., concurred.