[Civ. No. 12270. Third Dist. May 29, 1970.]

ORO MADRE UNIFIED SCHOOL DISTRICT, Plaintiff and Appellant, v. AMADOR COUNTY BOARD OF EDUCATION et al., Defendants and Appellants.

## COUNSEL

Kronick, Moskovitz, Tiedemann & Girard and Adolph Moskovitz for Plaintiff and Appellant.

Gard Chisholm, County Counsel, for Defendants and Appellants.

## OPINION

**BRAY, J.**[*]—Appeals by plaintiff, Oro Madre Unified School District, and defendants, Amador County Board of Education and Laurence Danilovich, Superintendent of Schools of Amador County, from a judgment of the Amador County Superior Court.

---

[*]Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

## Questions Presented

1. Jackson Unified School District is "adjacent to the United States forest reserve" within the meaning of section 20251 of the Education Code.

2. Plaintiff Ora Madre School District is a real party in interest.

3. The trial court has jurisdiction to determine the meaning of section 20251 of the Education Code.

## Record

For many years past the County of Amador has received money from a fund created by act of Congress (16 U.S.C.A. § 500 et seq.), the source of which is a portion of the receipts from said United States natural forest lands for the purposes set forth in said act of Congress and the provisions of section 20251 of the Education Code. Heretofore money credited to the forest reserve account had been apportioned solely to Oro Madre Unified School District and none to either Jackson or Ione districts. Plaintiff brought this action for declaratory and injunctive relief to have it determined that Jackson Unified School District was not "adjacent" to the United States forest reserve within the meaning of Education Code section 20251, and thus was not entitled to share in the funds. Defendants answered, contending that Jackson Unified School District and Ione Unified School District, the other two school districts of that county, are "adjacent" to the reserve. The trial court found that Jackson Unified School District was "adjacent" but that Ione Unified School District was not, requiring defendant board of education to distribute federal forest reserve funds to plaintiff Oro Madre Unified School District and Jackson Unified School District and enjoining it from distributing any of said funds to Ione Unified School District.

There is no dispute as to the facts. Amador County contains about 594 square miles of territory, of which about 109 square miles, or less than one-fifth, comprise United States national forest reserve lands. These lands lie entirely within Oro Madre Unified School District, which district occupies about 66 percent of the territory of the county; Jackson Unified School District comprises about 12 percent of the county territory, and Ione Unified School District about 22 percent.

The boundary of the Jackson Unified School District closest to the national forest lands is 7½ miles as the crow flies from the westernmost parcel of those lands and 14 miles from the western boundary of the main body of the forest. Equivalent distances from the eastern boundary of Ione Unified School District are 19 and 25 miles. By road the distances are

greater. Thus, the forest lands lie entirely within the Oro Madre Unified School District, and some distance from Jackson and Ione districts.

At the time of the complaint on May 15, 1968, 18 persons were employed by the United States Forest Service in Amador County, nine residing in the Oro Madre Unified School District, six in the Jackson Unified School District, three outside of Amador County and none in Ione Unified School District. There are five children of forest reserve employees in Oro Madre Unified School District, four within Jackson Unified School District and none in Ione Unified School District. In Jackson Unified School District there were the following forest reserve facilities: a permanent office within the federal building, a warehouse leased on an annual basis, and an adjoining parking area leased on a wintertime basis.

On appeal it is the contention of plaintiff Oro Madre  Unified School District that Jackson Unified School District is not "adjacent" to the forest reserve and hence the court erred in holding that Jackson Unified School District is adjacent. Defendant board of education, in its appeal, contends that the Ione Unified School District is also adjacent to the reserve, and that the trial court should have ordered the forest reserve money to be divided between the three school districts.

### The Meaning of "Adjacent" in Section 20251 of the Education Code

Section 500 of 16 United States Code Annotated reads in pertinent part: "all moneys received during any fiscal year from each national forest shall be paid . . . by the Secretary of the Treasury to the State in which such national forest is situated, to be expended as the State legislature may prescribe for the benefit of the public schools and public roads of the county or counties in which such national forest is situated . . . ."

The Legislature has provided for this in section 20251 of the Education Code which in pertinent part states: "The balance of the money credited to the forest reserve account in the county school service fund from the United States Reserve Fund in the State Treasury shall be apportioned by the county superintendent of schools *to school districts of the county lying within or adjacent to the United States forest reserve . . . .*" (Italics added.) Defendants merely contend that to comply with the claimed intent of the federal and state governments not to have the federal forest funds distributed in a discriminatory manner, the term "adjacent" of Education Code section 20251 must be given a liberal construction to include all three school districts in Amador County.

The federal and state governments do not seem to harbor the intent on

which defendant bases his argument. ▇ Under the federal law that provides the forest reserve funds (16 U.S.C.A. § 500), the state is free to apply the federally granted funds in a discriminatory manner so long as the specified purposes of the federal statute, namely, providing and maintaining schools and roads, are met. (*King County* v. *Seattle School Dist. No. 1* (1923) 263 U.S. 361 [68 L.Ed. 339, 341, 44 S.Ct. 127]; see also *Clark County* v. *State of Nevada* (1948) 65 Nev. 490 [199 P.2d 137, 145].) The question of which parts of a county are to benefit is left to the discretion of the state legislatures.[1] (*King County* v. *Seattle School Dist. No. 1, supra.*) ▇ Under Education Code section 20251, the California State Legislature provides for a discriminatory scheme. Distribution of 15 percent of the forest reserve funds to all districts in the county is permitted; the statute then requires apportionment of the remainder of the funds to *specified* districts, namely, those "within or adjacent to the United States forest reserve." The Legislature has thus carved out of the whole county certain school districts, namely, those within or adjacent to the United States forest reserve, that must receive the remainder of the funds. This discriminatory language does not compel a construction that all three school districts are "adjacent" to the federal lands. The trial court was therefore free in construing Education Code section 20251 to conclude that not all three school districts in Amador County need share in the federal reserve funds.

It is conceded by all parties that the word "adjacent" as used in section 20251 of the Education Code does not necessarily mean "contiguous," and that as said in *Sonora etc. School Dist.* v. *Tuolumne County Board of Education* (1966) 239 Cal.App.2d 824, 827 [49 Cal.Rptr. 153], all authorities agree the "term is a flexible one." *Sonora* points out that the word "adjacent" in the section means "neighboring" or "near to" or "close by" and that the facts showing the "use of the school district by the families of employees of the forest service, and the location of the shops and headquarters of the service in the school district, are factors which can legitimately aid a court in determining that this school district is 'adjacent' to the forest reserve for the purpose of sharing in the moneys derived from it." (P. 829.)

The trial court applied, and we hold properly, the reasoning in *Sonora* to the facts in this case. Ione Unified School District has no federal employees residing there or facilities and is 19 miles from the nearest part of the forest reserve. Oro Madre Unified School District has the forest re-

---

[1]Defendants impliedly agree with this argument when they discuss their third point on appeal, namely, that the school superintendent has the discretion of determining what districts are "adjacent."

serve in its boundary, and Jackson has properties of the forest reserve, forest reserve employees and school children of those employees in its district. Hence, only Jackson Unified School District under the definition required by section 20251, being "adjacent" to the reserve, is entitled to share the forest reserve money with plaintiff. At the same time, plaintiff's contention that it is the only school district entitled to the forest reserve funds must fail.

### Plaintiff is a Real Party in Interest

Defendants contend that since plaintiff has no proprietary right to the money standing to its credit in the county treasury, plaintiff is not a real party in interest and therefore has no standing to sue. This question can be raised on appeal even though not raised at trial. (See *Greenwood* v. *Mooradian* (1955) 137 Cal.App.2d 532, 545 [290 P.2d 955]; *Parker* v. *Bowron* (1953) 40 Cal.2d 344, 351 [254 P.2d 6].)

School districts have brought suit against county superintendents of schools and prosecuted these suits on appeal, without their ability to sue being questioned, in cases where a state statute compelled the county superintendent to distribute funds to the school district and the school district was contending that the county superintendent was failing to comply. (*Sonora etc. School Dist.* v. *Tuolumne County Board of Education* (1966) 239 Cal.App.2d 824 [49 Cal.Rptr. 153]; *Sunol School Dist.* v. *Chipman* (1903) 138 Cal. 251 [71 P. 340]; *Stockton School Dist.* v. *Wright* (1901) 134 Cal. 64 [66 P. 34].) The interest of the school district seems to arise from the state statute itself; since the county school superintendent must distribute the funds according to the law of the state, the school district which would receive the benefit of the funds has a sufficient interest in the funds to bring suit to compel the superintendent to comply with the law. The interest of the school district seems to be similar to the interest of a beneficiary of a trust which wishes to prevent the trustee from misappropriating funds. (See *St. James Church* v. *Superior Court* (1955) 135 Cal. App.2d 352 [287 P.2d 387].)

■ In the present case the county school superintendent *must* apportion most of the money credited to the forest reserve account to school districts of the county "[lying within] or adjacent to the United States forest reserve." (Ed. Code, § 20251.) The county superintendent has discretion to distribute only 15 percent of these funds to all school districts in the county. (*Ibid.*) Plaintiff has a sufficient interest, in light of its contention that no other school district is "adjacent to" the United States forest reserve, to attempt to compel the county superintendent to properly dis-

tribute the funds. Therefore, plaintiff has standing to sue in the case at bar.

Defendants' arguments do not compel a contrary conclusion. The cases relied on by defendants largely deal with general state statutes that do not compel the county superintendent to distribute funds: *Gridley School Dist.* v. *Stout* (1901) 134 Cal. 592 [66 P. 785], deals with section 1621 of the Political Code which merely gives the school district a credit in the county treasury without compelling payment therefrom; *King County* v. *Seattle School Dist. No. 1, supra,* 263 U.S. 361 [68 L.Ed. 339, 340, 44 S.Ct. 127] deals with a state statute giving county commissioners discretion as to how to distribute funds; no distribution to the school districts is required by federal or state law. The other cases deal with irrelevant issues, for instance, *Butler* v. *Compton Jr. College Dist.* (1947) 77 Cal.App.2d 719, 728 [176 P.2d 417], where the portion quoted by defendants is on the issue of whether a public gift of money was made to the school district.

### The Trial Court Has Jurisdiction

On appeal, for the first time, defendants contend that because section 20251 of the Education Code states that the money "shall be apportioned by the county superintendent of schools . . . with approval of the county board of education," the determination of the meaning of "adjacent" lies only with the superintendent of schools and the county board of education and not with the courts.

■ The superior courts of the state have jurisdiction to construe state statutes. (See 45 Cal.Jur.2d, § 98, p. 612; *Hall* v. *City of Taft* (1956) 47 Cal.2d 177, 188 [302 P.2d 574].) The construction of the word "adjacent" in section 20251 of the Education Code falls within this jurisdiction. Defendants actually are not raising a jurisdictional question but a new theory on appeal, namely, that the word "adjacent" is to be construed by the court in light of the determinations of eligibility of school districts by the county superintendent and board of education. In support of their position defendants point out that while the lower courts determined that only Oro Madre Unified School District and Jackson Unified School District should share in the forest reserve money, the court then proceeded to leave it to the superintendent of schools and board of education to formulate an equitable formula for the apportionment to those school districts. The court's action is therefore alleged to be inconsistent. This is a non sequitur. There is a great difference between the determination of the meaning of words of a statute and the discretion given a public officer, once that meaning is determined by the courts, to distribute moneys in accordance with that definition.

As said in *Sonora etc. School Dist.* v. *Tuolumne County Board of Education, supra,* 239 Cal.App.2d at p. 828, "Whether a given school district is 'adjacent' to a national forest within the meaning of the code section is to be determined as a fact by the courts, or, in the absence of litigation, by the officials of the county having charge of the funds."

Judgment is affirmed. Each party is to bear its own costs on appeal.

Pierce, P. J., and Regan, J., concurred.

A petition for a rehearing was denied June 17, 1970, and the petition of the plaintiff and appellant for a hearing by the Supreme Court was denied July 22, 1970.