**Hyman SIMON, Plaintiff,**

v.

**Wallace R. CAMERON, etc., Defendant.**

**No. 70–1790.**

United States District Court,
C. D. California.

Oct. 12, 1970.

Jay Raymond Levinson, Los Angeles, Cal., for plaintiff.

Thomas C. Lynch, Atty. Gen., Edward M. Belasco, Deputy Atty. Gen., Los Angeles, Cal., for defendant.

## MEMORANDUM OPINION

CURTIS, District Judge.

The plaintiff brings this Civil Rights action for injunctive and declaratory relief challenging the constitutional validity of the procedures established by § 1400 et seq., as amended in 1967, of the *California Health and Safety Code* for licensing convalescent hospitals. The defendant Cameron, regional chief of the Bureau of Health Facilities, Licensing and Certification, Department of Public Health of the State of California, has declined to accept or process

plaintiff's application for such a license upon the ground that the plaintiff has refused to apply for a recommendation from the Comprehensive Health Planning Association of Los Angeles County, a private non-profit corporation, the approval of which is required by the code.

Plaintiff contends that the licensing procedures import an unconstitutional delegation of power to a private corporation and that the standards for recommendations are so vague as to be unconstitutional. He seeks an order convening a three-judge court and immediate injunctive relief. The defendant has filed its answer and also a motion to dismiss, and it is this motion which is presently before the court. As grounds therefor, the defendant urges that:

1. The court lacks jurisdiction over the subject matter of said complaint, pursuant to Rule 12(b) (1) of the Federal Rules of Civil Procedure, and that said complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b) (6), Federal Rules of Civil Procedure.

2. The court lacks jurisdiction over the above named defendant, pursuant to Rule 12(b) (2), Federal Rules of Civil Procedure, and

3. The said complaint fails to contain a proper statement of grounds upon which the court's jurisdiction depends, pursuant to Rule 8(a) (1), Federal Rules of Civil Procedure.

The State of California has established a comprehensive health planning scheme with planning agencies at state and local levels (Health and Safety Code §§ 437–438.5). Section 437.7 provides that local and regional voluntary health planning agencies, as approved by the Health Planning Council, can be established to

"[R]eview individual proposals for the construction of new or additional hospital and related health facilities, the conversion of one type of facility to a different category of licensure or the creation or expansion of new areas of service, and make decisions as to the need and desirability for the particular proposal . . . "

in accordance with principles which they develop for determination of community need and desirability. These principles are to be based on guidelines established by the Health Planning Council (Health and Safety Code §§ 437.7(c) and 437.8).

There can be little question but that health planning is a necessary and proper function of the State Legislature. It was held to be such in Attoma v. Department of Social Welfare, 26 A.D.2d 12, 270 N.Y.S.2d 167 (1966). In this case the New York Supreme Court held that a determination of community need, as a condition precedent to licensing a health facility, was a reasonable exercise of the state's police power over the public health, safety and welfare.

Although it is composed of volunteers, the voluntary planning agency is similar to other administrative agencies in the state. Its composition and function were specifically authorized by the legislature (Health and Safety Code § 437.7). Each agency is given authority only when the Health Planning Council approves its organization, (*Id.*) and each must formulate rules and base its decisions upon guidelines established by the Council (Health and Safety Code § 437.7(c)). The voluntary health planning agency is financed by federal funds. By statute, some of the consumer members of the board of directors must be local government officials (Health and Safety Code § 437.7(a)). Further, it is significant to note that if an applicant is denied a certificate of need by the local planning agency, he may appeal that denial to the statewide Health Planning Council. The Council is a quasi-public body, created by the legislature, whose members are appointed by and serve at the pleasure of the Governor, the Chairman of the Senate Rules Committee, and the Speaker of the Assembly (Health & Safety Code § 437). Thus, final decision making authority is vested in this quasi-public body, not in the local planning body. In effect, then,

only *initial* decision making authority with regard to need for a facility has been delegated to the local planning body; final decision making authority reposes in a body whose members are responsible to governmental officials and elected representatives.

In sum, its connections with the state are so close as to make it a public administrative body. In Ex Parte Gerino, 143 Cal. 412, 77 P. 166 (1943), the California Supreme Court held that the board of medical examiners, established by state law to license physicians, but whose members were appointed by designated local medical societies, was a state agency. Likewise, the medical societies were held to be "agencies of the state to perform a part of the duty pertaining to the sovereign power of the state . . ." *Id.* at 415, 77 P. at 167. California law thus recognizes that private groups may be state agencies for certain purposes.

■ The voluntary health planning agencies were intended by the legislature to be fact finding, decision making bodies to determine community need for health services and analyze existing facilities and their utilization. This is a broad function for which the legislature properly left the voluntary planning agencies considerable latitude. However, this delegation of power is not without adequate standards. The very words "community need and desirability" are not vague and overbroad. Assessment of need is a definite and reviewable delegation. The legislature has further guided the voluntary agencies in their determinations of need by requiring certain information of license applicants: the geographic area they will serve, the population to be served, the anticipated demands for health care services to be provided, descriptions of services, utilization of existing programs within the area to be served, the benefit to the community which will result from the development of the facility, and the impact on established institutions in the area. These are obviously intended to be among the factors which the voluntary health planning agency must consider in its determination of community need.

The voluntary planning agency with its close state connections should be characterized as a public agency. The law contains sufficient standards to guide the agency in its function of assessing community need for health facilities and granting or withholding its approval accordingly. The delegation of licensing authority is thus clearly constitutional.

However, even though we consider the voluntary planning agency a private body, the delegation of licensing authority to it does not violate any federal constitutionally protected right. In Currin v. Wallace, 306 U.S. 1, 59 S.Ct. 379, 83 L.Ed. 441 (1938), the Court held that there was no delegation of legislative authority where Congress required the Secretary of Agriculture to establish uniform standards for tobacco grading and designate a market only for federal regulation on approval of two-thirds of the local tobacco growers. Similarly in United States v. Rock-Royal Co-Op, 307 U.S. 533, 59 S.Ct. 993, 83 L.Ed. 1446 (1938), where the Secretary of Agriculture was empowered to establish farm prices to be paid producers by dealers, the Court held that a grant of congressional authority to two-thirds of the producers, acting through a referendum to approve an order of the Secretary, was not an invalid delegation.

In R. H. Johnson & Co. v. Securities Exchange Commission, 198 F.2d 690 (2d Cir. 1952), the court of appeals upheld a delegation of licensing power by the SEC to the National Association of Securities Dealers.[1]

1. There is, however, dictum to the contrary in Carter v. Carter Coal Co., 298 U.S. 238, 56 S.Ct. 855, 80 L.Ed. 1160 (1935) where two-thirds of the coal producers plus a majority of miners in a geographic area were delegated the power to fix maximum hours and wages for the coal industry. Holding this delegation unconstitutional, the Supreme Court said that the effect of such delegation is to

Application of the due process clause of the Fourteenth Amendment to invalidate the delegation of authority to local planning bodies would lead to the invalidation of numerous delegations of authority to private bodies which Congress and state legislatures have established and which are accepted generally. State statutes are legion in which delegation of rule making authority and adjudicatory functions are made to private bodies. For example, in many states, only graduates of medical schools approved by the Council on Medical Education can be licensed as doctors by the state. See Jaffe, "Law Making by Private Groups," 51 Harv.L.R. 201, 230 (1937). The delegation at issue in this case does not differ significantly from such delegations of legislative authority to private accrediting bodies both in state and federal statutes. Moreover, the delegation is predicated upon a similar judgment on the part of the legislature, for the legislature in all of these instances has chosen to entrust a private body with law making functions in order to take advantage of a body with expertise and experience in a particular area requiring the exercise of professional judgment and specialized skills. See Ex Parte Gerino, *supra*. The legislature has here made a similar judgment with regard to the complex subject matter of health facility planning. That legislative judgment should not be second-guessed by a far-reaching application of the due process clause. See *Jaffe, Id.*

 We hold, therefore, that the legislature's delegation of licensing authority to voluntary agencies, such as is contemplated by the Health and Safety Code here, is proper and constitutional.

We assume, without holding, that the plaintiff's right to establish a hospital is primarily a personal right, rather than a property right, the enjoyment of

. subject a dissident minority to the will of the majority, since criminal penalty resulted from failure to accept the group's decision. However, this decision has been distinguished and disregarded in recent

which can be sought in this Civil Rights action.

 We hold further that no substantial constitutional question has been raised by the pleadings, and therefore, the convening of a three-judge court is not required.

For these reasons, plaintiff's motion to convene a three-judge court is denied and the complaint is dismissed.

Attorneys for defendant shall prepare *findings of fact, conclusions and judgment.*

years to such an extent that it is believed that the Carter non-delegation doctrine is dead. Davis Treatise on Administrative Law, § 2.04 (1965 Supp.).