[Civ. No. 3461. Fifth Dist. Dec. 29, 1977.]

BAKERSFIELD COMMUNITY HOSPITAL,
Plaintiff and Respondent, v.
DEPARTMENT OF HEALTH, Defendant and Appellant.

194

## COUNSEL

Evelle J. Younger, Attorney General, John J. Klee, Jr., Assistant Attorney General, Anne S. Pressman and Christine E. Schanes, Deputy Attorneys General, for Defendant and Appellant.

Oran W. Palmer, King, Eyherabide, Anspach, Friedman & Robinson and William D. Palmer for Plaintiff and Respondent.

## OPINION

**BROWN (G. A.), P. J.**—The trial court on April 13, 1977, ordered a writ of mandate issue commanding the Department of Health of the State of California (the Department) to determine that a proposed site for relocation of the Bakersfield Community Hospital (the Hospital) facility is adjacent to the existing facility, and thus the hospital is exempt from having to obtain a certificate of need from the Department. The new site is three miles from the existing facility. The move is necessitated by the

unavailability of contiguous property at the present site for expansion, and the court found that the proposed new site is the closest adequate site for reasonable hospital use.

The Department has appealed. The sole issue before us is whether the new location is "adjacent" to the present hospital within the meaning of Health and Safety Code section 437.13.[1]

■ The test of what "adjacent" means, as used in the statute, is a matter of legislative intent to be determined by the court, not as a factual matter but as a question of law, the facts being undisputed. (Evid. Code, § 310; *Neal* v. *State of California* (1960) 55 Cal.2d 11, 17 [9 Cal.Rptr. 607, 357 P.2d 839] (cert. den., 365 U.S. 823 [5 L.Ed.2d 700, 81 S.Ct. 708]).) The applicable principles are well settled and have been succinctly stated in the following language: "In interpreting a statutory word, the objective of the statute is a prime consideration; where a statutory word has several meanings, the court must adopt the meaning which will best achieve the statute's purpose. (*People* ex rel. *S. F. Bay etc. Com.* v. *Town of Emeryville* (1968) 69 Cal.2d 533, 543-544 [72 Cal.Rptr. 790, 446 P.2d 790].) Legislative history supplies another guide. (*County of Sacramento* v. *Hickman* (1967) 66 Cal.2d 841, 849-850 [59 Cal.Rptr. 609, 428 P.2d 593].)" (*Anderson Union High Sch. Dist.* v. *Schreder* (1976) 56 Cal.App.3d 453, 460 [128 Cal.Rptr. 529].)

"We begin with the fundamental rule that a court 'should ascertain the intent of the Legislature so as to effectuate the purpose of the law.'

[1]Section 437.13, effective September 9, 1976, provides in pertinent part: ". . . no proposal for the remodeling of any health facility licensed on the effective date of this section or for the construction of any new health facility to replace in whole or in part any existing health facility licensed on the effective date of this section, or for the replacement of the equipment or services of any health facility licensed on the effective date of this section, shall be required to be approved as provided in this part, unless the proposal involves one of the following:

"..........................

"(e) Location of the health facility on a site which is not the same site or adjacent thereto.

"For all purposes . . . it shall be deemed that a certificate of need has been issued for such a proposal.

"..........................

". . . If the state department determines that the proposal is not eligible for such exemption, the applicant may reapply for a certificate of need as provided in Section 438 or seek judicial review."

The substance of the adjacency requirement was formerly contained in section 437.10, added by Statutes of 1974 and repealed in 1976 when section 437.13 was enacted. Identical language was reenacted into section 437.13.

[Citation.] In determining such intent '[t]he court turns first to the words themselves for the answer.' [Citation.] We are required to give effect to statutes 'according to the usual, ordinary import of the language employed in framing them.' [Citations.] . . . 'When used in a statute [words] must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear.' [Citations.] Moreover, the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. [Citations.]" (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].)

There being no definition of "adjacent" in the statute, we turn to other interpretative aids. ■ Webster's Third New International Dictionary (1961) at page 26 defines the term as ". . . not distant or far off . . . nearby but not touching . . . relatively near and having nothing of the same kind intervening: having a common border . . .," thus supporting the notion of nearness or close by. Black's Law Dictionary is supportive of this connotation. ■ "Lying near or close to; sometimes, contiguous. *Adjacent* implies that the two objects are not widely separated, though they may not actually touch, while *adjoining* imports that they are so joined or united to each other that no third object intervenes. . . .

" 'Adjacent' is a word of flexible meaning, depending upon context and subject matter." (Black's Law Dict. (3d ed. 1933) p. 55.)

■ An analysis of the intended purpose and objective of the Legislature leads ineluctably to the conclusion that the Legislature intended a narrow construction of the word "adjacent," to the end that exemptions from obtaining a certificate of need not be unduly expanded. Section 437.13 (formerly § 437.10) is located in part 1.5 of the Health and Safety Code, entitled Health Planning, which was originally added by Statutes 1967, chapter 1597. This legislation was passed by the California Legislature in compliance with the "Comprehensive Health Planning and Public Health Services Amendments of 1966" (Pub.L. No. 89-749, 80 Stat. 1180 (Nov. 3, 1966)) for the purpose of taking advantage of grants from the federal government for health planning and public health services (see §§ 437, 437.6 (as originally enacted)).[2] These statutes

---

[2]As originally enacted, section 437 introduced part 1.5 of the Health and Safety Code by stating: "In order to provide comprehensive state health planning in response to the enactment of Public Law 89-749 there is hereby created . . . ."

Health and Safety Code section 437.6 originally provided: "If any provision of this

were amended by Statutes 1969, chapter 1451, as part of a consolidation program aimed at delegating to the Department broad powers to control health delivery systems. (See Historical Note, 39 West's Ann. Health & Saf. Code (1970 ed.) § 437.7, pp. 143-144; *Simon* v. *Cameron* (C.D.Cal. 1970) 337 F.Supp. 1380, 1381-1382.) One of the purposes of the Legislature in adopting the comprehensive health planning program "was to stop or retard the increasing costs of medical care in California" and proliferation of superfluous health facilities, beds and services by setting forth in a state plan the projected needs for hospital beds and thereafter enforcing compliance with the plan. (57 Ops.Cal.Atty.Gen. 612, 614 (1974).)

The legislative intent is manifested even more clearly in the staff analysis and statement of purpose of Assembly Bill No. 4001, 1975-1976 Regular Session (the bill which enacted § 437.13, Stats. 1976, ch. 854). That analysis indicates that the exception at issue in this case is intended to apply when the construction project "does not result in . . . 5. A different location for the health facility." (Sen. Com. on Health & Welfare, Staff Analysis of Assem. Bill No. 4001 (Aug. 16, 1976) amended version (1975-1976 Reg. Sess.).)

Supporting this construction is the executive branch's interpretation of the statute, which is that it: "Revises State health planning statutes to expand the scope of existing certificate of need program and vest the authority for decisions in the Department rather than in local agencies. Allows the Department to exercise approval authority over health facility projects for new facilities, additional beds, capital expenditures, purchase or lease of diagnostic or therapeutic equipment, changes in social services, license classification changes, and bed classification changes." (Cal. Health & Welfare Agency Enrolled Bill Report (1976) p. 1.)

Thus the legislative background and declarations make clear that only a narrow and restrictive construction of the term "adjacent" in section 437.13 comports with the legislative intent and objective. Any other conclusion would lead to the absurd result that the state planning procedures could be entirely circumvented whenever a health facility should relocate. It would seem that such relocation and expansion of facilities with the attendant costs would be exactly the type of costly

part is found to be in conflict with federal rules and regulations pertaining to the administration of Public Law 89-749, such provision shall be of no force or effect to the extent of such conflict."

project the requirement for obtaining a certificate of need was intended to regulate.

■ Thus, though the word "adjacent" in the abstract or in a different context and connection wherein a different legislative purpose is apparent (see *Sonora etc. School Dist.* v. *Tuolumne County Bd. of Education* (1966) 239 Cal.App.2d 824, 828 [49 Cal.Rptr. 153] (disapproved on other grounds in *Anderson Union High Sch. Dist.* v. *Schreder, supra,* 56 Cal.App.3d 453, 462); *Oro Madre Unified Sch. Dist.* v. *Amador County Bd. of Education* (1970) 8 Cal.App.3d 408 [87 Cal.Rptr. 250] (overruled on other grounds in *Anderson Union High Sch. Dist.* v. *Schreder, supra,* 56 Cal.App.3d 453, 462)) may be construed to encompass distances up to seven and one-half or more miles, the term must be construed in accordance with the legislative intent behind the particular statute in which the word is used. A construction should be adopted which effectuates the legislative intent and spirit of the act, though a literal or different construction may be possible. (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].)

■ Confirmation of this result is found in the regulation promulgated by the Department on November 8, 1976, pursuant to the statutory authority contained in Health and Safety Code sections 437.6, 437.7 and 437.8, which states: "'Adjacent' means real property abutting the site on which a facility currently exists or separated therefrom by no more than the width of a street or road." (Cal. Admin. Code, tit. 22, § 90005.) This administrative regulation interpreting the meaning of "adjacent" which was in effect at the time of the trial of this cause should be given great weight. (*Ralphs Grocery Co.* v. *Reimel* (1968) 69 Cal.2d 172, 176 [70 Cal.Rptr. 407, 444 P.2d 79].)

The Hospital contends that the court should give great weight to the Legislature's deliberations on the wording of section 437.13. It appears that at one point the proposed statute was changed to add the word "immediately" so as to modify the word "adjacent." Prior to the enactment of the statute in final form the word "immediately" was deleted. No authority has been discovered which gives significance to all the additions and deletions made during the process of drafting a legislative bill. Elimination of the word "immediately" does not necessarily lead to the conclusion that the Legislature intended that "adjacent" could mean several miles away. On the contrary, the Legislature

could as easily have concluded that the word "immediately" was redundant.

The Hospital further argues that the word "adjacent" should be construed as being anywhere within a "service area." Factual information that the new site would serve substantially the same population would be of importance to the Department in determining whether it should or should not issue a certificate of need, but we see no bearing that conclusion has upon the legal interpretation of the word "adjacent." In this regard, 57 Ops.Cal.Atty.Gen. 612, 614 (1974) does not assist the Hospital since the Attorney General's conclusion that there should be an exception to the requirement of a certificate of need is based upon the assumption that a project is necessary solely to replace health care services that are no longer available at the facility because of a disaster or emergency or because of condemnation of the existing facility. (See Health & Saf. Code, § 437.11, subd. (b), recognizing this exception.)

Lastly, the Hospital argues that determining what the word "adjacent" means is a question of fact, citing *Oro Madre Unified Sch. Dist.* v. *Amador County Bd. of Education, supra,* 8 Cal.App.3d 408, and *Sonora etc. School Dist.* v. *Tuolumne County Bd. of Education, supra,* 239 Cal.App.2d 824. However, as noted, those cases have been disapproved in *Anderson Union High Sch. Dist.* v. *Schreder, supra,* 56 Cal.App.3d 453, 462. Moreover, as we have pointed out, where the extrinsic evidence is not in conflict the interpretation of the meaning of a statute or a word therein is a question of law. (Evid. Code, § 310; see *Anderson Union High Sch. Dist.* v. *Schreder, supra,* 56 Cal.App.3d 453, 463.)

█ We conclude that three miles distant from an existing health facility is not "adjacent" within the meaning of that word as used in section 437.13.

The judgment is reversed.

Franson, J., and Hopper, J., concurred.

A petition for rehearing was denied on January 23, 1978 and the following opinion was then rendered:

**BROWN (G. A.), P. J.**—Upon petition for rehearing the Hospital urges for the first time in this court that this court should consider the issue of whether the Department should be held to be estopped from claiming the proposed location is not adjacent. However, the comments of the trial judge and his memorandum of decision make clear that he decided the case solely on the interpretation of the word "adjacent," and the findings and conclusions which were prepared by the Hospital made no finding or conclusion on that issue. The findings and conclusions in this regard are therefore deficient. Under these circumstances, since the Hospital prepared the findings and conclusions, it must be held to have invited the error in not entering the appropriate findings and conclusions on this issue, and it cannot complain of the error it has invited. (*Johnson* v. *Rich* (1957) 150 Cal.App.2d 740, 747 [310 P.2d 980].)

Respondent's petition for a hearing by the Supreme Court was denied March 2, 1978.