[Civ. No. 21381. Fourth Dist., Div. Two. June 2, 1980.]

PLACENTIA-LINDA COMMUNITY HOSPITAL, INC.,
Plaintiff and Appellant, v.
HENRY W. ZARETSKY, as Director, etc., et al.,
Defendants and Respondents.

COUNSEL

Lewitt, Hackman & Hoefflin, Michael Hackman and Martin H. Kodish for Plaintiff and Appellant.

George Deukmejian, Attorney General, Thomas E. Warriner, Assistant Attorney General, Anne S. Pressman and Karen L. Fried, Deputy Attorneys General, for Defendants and Respondents.

OPINION

THE COURT.*—The parties to this action are the plaintiff/appellant, Placentia-Linda Community Hospital, Inc. (hereafter hospital) and the respondent, the Director of the Office of Statewide Health Planning and Development for the State of California (hereafter director).

On May 1, 1979, the trial court denied hospital's petition for a writ of mandate to require the director to issue a certificate of exemption pursuant to Health and Safety Code section 437.13, exempting hospital from the requirements of Health and Safety Code section 437.10. The hospital had made application to the director for a certificate of exemption for a contemplated addition of 3,290 square feet to enable hospital to relocate beds from preexisting three-bed rooms to two-bed rooms.

*Before Gardner, P. J., Tamura, J., and McDaniel, J.

The total cost of the project was less than the $250,000 threshold amount prescribed in section 437.13, subdivision (a)(8).

By letter dated November 15, 1978, the director denied the hospital's application upon the finding that: "The project is not a remodeling or replacement project. The project is essentially, the addition of a new wing of approximately 3,290 square feet of floor area to the hospital, space that is to house seven (7) new two-bed patient rooms. All existing space is to be retained, therefore this project is not the type that can be exempted under section 437.13. The certified cost estimate for project portion of the application shows $204,723.00 for new construction and no expenditure for reconstruction. This is further evidence that the project is not basically a remodeling/replacement project."

By letter dated January 19, 1979, at the request of the hospital, the director further explained his original denial by quoting the dictionary definition of the words "replace" and "remodel" and stated, inter alia, "None of these definitions lends any support to a claim that an exemption provision that is explicitly for remodeling and replacement projects could be understood to apply to an expansion project. That is, physical expansion of existing buildings is simply not included within the meaning of 'remodeling' or 'replacement.'"

It is conceded by the director that prior to January 1, 1978, the director had granted certificates of exemption for projects indistinguishable from the proposed project of the hospital, pursuant to the director's then interpretation of section 437.13. Director contends that the Legislature amended section 437.13 effective January 1, 1978, and (although the amendments themselves did not change any part of the statute which is relevant to a determination as to whether or not hospital is entitled to a certificate of exemption), the fact that the statute was amended caused the office of the director to reanalyze the meaning of the unaffected portions of the statute. As a result of this reanalysis, the director concluded that the original statutory construction which authorized the certificate of exemption to applicants submitting projects indistinguishable from hospital's was incorrect and that the correct interpretation of the statute excluded "expansion projects."

Pursuant to sections 437.6 and 437.7 the director has adopted regulations for the implementation of the statutes of which the Health Planning Act is comprised. (Health & Saf. Code, § 437 et seq.) The

regulations do not define the term "expansion project." However, California Administrative Code, title 22, section 90001 defines the term "addition" which is used synonymously with the term "expansion project" by the director. "'Addition' means the establishment of a new service or the installation of diagnostic or therapeutic equipment which does not replace existing equipment." (Cal. Admin. Code, tit. 22, § 90001.) This definition is irrelevant in the instant matter because the hospital project did not contemplate the establishment of a new service or the installation of diagnostic or therapeutic equipment. Title 22, California Administrative Code, section 90607 is the regulation which specifies how an applicant shall proceed in seeking a certificate of exemption and includes most of the language of section 437.13. Section 90607 does not refer to "expansion" or "addition" except as they relate to diagnostic or therapeutic capability or services, neither of which apply to the instant case.

The Legislature adopted the Health Planning Act, of which section 437.13 is a part, in 1967 in response to the enactment of Public Law No. 89-749. (42 U.S.C. §§ 242g, 243, 246.) "One of the purposes of the Legislature in adopting the comprehensive health planning program 'was to stop or retard the increasing costs of medical care in California' and proliferation of superfluous health facilities, beds and services by setting forth in a state plan the projected needs for hospital beds and thereafter enforcing compliance with the plan. [Citation.]" (*Bakersfield Community Hosp.* v. *Department of Health* (1977) 77 Cal.App.3d 193, 198 [142 Cal.Rptr. 773].)

■  Section 437.13 provides (in relevant part): "(a) Notwithstanding any other provision of law, no proposal...for the construction of any new health facility to replace...in part, any existing health facility ...shall be required to be approved...unless the proposal involves... [¶] (8) The replacement...of patient rooms and nursing stations costing in excess of two hundred fifty thousand dollars ($250,000)...." The director contends that, if the foregoing language is construed to include "addition" or "expansion," the construction would be inconsistent with the purpose of the Health Planning Act. We disagree.

The language "...the replacement...of patient rooms and nursing stations..." obviously refers back to the language "...the construction of any new health facility to replace..., in part, any existing health facility...," in the previously quoted excerpt from section 437.13. It

cannot be argued that the language ". . . for the construction of any new health facility. . ." does not contemplate an "addition" or "expansion." Any such construction would be, and is, absurd. Further, construing such language to include the concept of "addition" or "expansion" is consistent with the purpose of the act. The Legislature clearly recognized that it was consistent with its policy ". . . to stop or retard the increasing costs of medical care in California" (*Bakersfield, supra*) to allow health care facilities to make relatively small capital expenditures. For example, section 437.13, subdivision (b) provides for the reduction in the number of beds authorized at a health care facility (an obvious saving to the consuming public) as to those health care facilities which replace or remodel patient rooms pursuant to section 437.13, subdivision (a)(8) if their licensed bed occupancy rate has been low.

It is equally absurd and contrary to the purpose of the act to assume, as the director implies, that the statute contemplates that, in order for new construction to qualify for certificate of exemption, it would be necessary to abandon an equivalent amount of space. Such a construction of the statute would be diametrically opposed to the purpose of the act by requiring economic waste.

Director argues that had the Legislature intended the language of section 437.13 to include "expansion," it would have used the term "modernization" which it used in section 437.10 and which was defined in that section as including "expansion." This argument is untenable. A "replacement" as used in section 437.13 may not be a "modernization" at all and the use of the term "modernization" in that section would have changed the meaning of the section. The fact that the Legislature defined the term "modernization" to include the term "expansion" in section 437.10 is not in the least bit helpful in construing section 437.13. Including the term "expansion" within the term "modernization" in section 437.10 was necessary because the word "modernization" would not otherwise have included the concept of expansion.

The director correctly asserts that a change in interpretation is not prohibited even though different results on the same set of facts in two different time periods is the result. (*Weiss* v. *State Board of Equalization* (1953) 40 Cal.2d 772 [256 P.2d 1].) However, an administrative agency cannot add to, subtract from or change the clear meaning of a statute as the director has done in construing section 437.13 (*Duskin* v. *State Board of Dry Cleaners* (1962) 58 Cal.2d 155 [23 Cal.Rptr. 404,

373 P.2d 468]) and the interpretation of a statute is ultimately a judicial function. (*Anderson Union High School Dist.* v. *Schreder* (1976) 56 Cal.App.3d 453 [128 Cal.Rptr. 528]; Evid. Code, § 310.)

The judgment denying the petition for writ of mandate is reversed. The matter is remanded to the trial court with directions to issue the writ of mandate as prayed.

TAMURA, J.—I dissent. The majority's use of the adjective "absurd" to characterize the agency's interpretation of the scope of the exemptions authorized by Health and Safety Code section 437.13 is wholly unwarranted. While statutory interpretation is ultimately a judicial function, the interpretation of a statute by the agency charged with its administration and enforcement is entitled to great weight and should be followed unless it is *"clearly erroneous."* (*Judson Steel Corp.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 668-669 [150 Cal.Rptr. 250, 586 P.2d 564]; *Wilkinson* v. *Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 491, 501 [138 Cal.Rptr. 696, 564 P.2d 848]; *Rivera* v. *City of Fresno* (1971) 6 Cal.3d 132, 140 [98 Cal.Rptr. 281, 490 P.2d 793]; *State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1979) 88 Cal.App.3d 43, 53-54 [152 Cal.Rptr. 153].) The majority fails to give the agency's interpretation the weight and respect to which it is entitled.

Appellant proposed to add to its hospital a new wing consisting of approximately 3,290 square feet to house 7 new two-bed patient rooms to be relocated from existing three-bed patient rooms while retaining all of its existing space. The expansion of floor space which appellant terms "incidental" actually amounted to roughly 14 percent of the existing floor space devoted to nursing services. The agency determined that the proposed project was an expansion of hospital facilities—not a remodeling or replacement of existing facilities—and was, therefore, beyond the scope of the exemptions authorized by section 437.13.

The agency's interpretation of the section 437.13 exemptions is consistent with the language and intent of the section and the spirit of the Health Planning Act (Health & Saf. Code, § 437 et seq.) of which it is

a part. One of the purposes of the Health Planning Act was to retard the spiraling cost of medical care by curbing proliferation of superfluous hospital facilities, beds, and services. (*Bakersfield Community Hosp.* v. *Department of Health* (1977) 77 Cal.App.3d 193, 198-199 [142 Cal.Rptr. 773].) In furtherance of that objective, the act requires a certificate of need for hospital capital expenditures unless the project comes within the exemptions authorized by section 437.13. Consistent with the goal of the Health Planning Act, exemptions authorized by section 437.13 are to be strictly construed so as to avoid circumvention of state health planning procedures. (*Bakersfield Community Hosp.* v. *Department of Health, supra,* 77 Cal.App.3d 193, 198.) The majority's interpretation of the statutory exemptions would, as the agency argues, open the flood gates for expansion of hospital physical facilities under the guise that the expansion is only incidental to the "remodeling" or "replacement" of existing facilities. The extent and nature of the expansion would depend upon the ingenuity and imagination of the applicant and not upon need.

The majority attempts to brush off as "untenable" the agency's argument that if the Legislature had intended to permit exemptions of expansion projects under section 437.13, it could have simply provided for an exemption for "modernization" rather than for remodeling and replacement. The argument is persuasive. The word "modernization" is defined in section 437.10 relating to projects requiring a certificate of need as "the alteration, expansion, repair, remodeling, replacement, or renovation of existing buildings, including initial equipment thereof, and the replacement of equipment of existing buildings." (§ 437.10, subd. (e)(3).) It may be argued, therefore, that the Legislature must have intended the words "remodeling" and "replacement" in section 437.13 to have a more restrictive meaning than "modernization" or "expansion."

The agency's explanation as to why it reexamined and revised its interpretation of section 437.13 is logical. The 1977 amendments to section 437.13 (Stats. 1977, ch. 1198, eff. Jan. 1, 1978) tightened controls over hospital construction by requiring remodeling or replacement projects in hospitals with records of less than 80 percent occupancy to include reduction of licensed bed capacity. The amendment, although it did not change the language of the section pertinent to the instant claim of exemption, did constitute an expression of legislative concern over needless hospital remodeling or replacement projects. It was reasonable,

therefore, f the agency to reexamine and revise its past interpretation of the exeption statute to bring it into conformity with the legislative will. The cord discloses that since early 1978 the agency has consistently deed exemptions for projects similar to that proposed by appellant

The ancy's interpretation of the exemption statute is reasonable and conitent with the legislative intent; it is by no means an absurd or untenab interpretation. The trial court correctly determined that the agency denial of appellant's application for a certificate of exemption was neier arbitrary, capricious, nor unreasonable.[1]

I wild affirm the judgment.

A tition for a rehearing was denied July 1, 1980. Tamura, J., was of thopinion that the petition should be granted.

---

[1]Appellant is not foreclosed from going forward with its project. It may still apply for and obtain a certificate of need under section 437.10 if it is able to demonstrate that a 14 percent increase in floor space is actually needed in order for it to deliver health care services effectively.